UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOY EVANS *et al.*,
    Plaintiffs,

and

UNITED STATES OF AMERICA,
    Plaintiff-Intervenor,

    v.                                                                                               CA NO. 76-293 (ESH/JMF)

ANTHONY WILLIAMS *et al.*,
    Defendants.


**MEMORANDUM ORDER**

    I have reviewed <u>Defendants' Evidentiary Objections to Plaintiffs' and Plaintiff Intervenor's Exhibits in Support of Their Respective Proposed Findings of Fact</u>[1] and, as I read them, the defendants[2] object to nearly all of the exhibits on the same grounds, *i.e.*, on the basis of Federal Rules of Evidence 802, 402, 805 and 701-705.  I am sensitive to how little time the parties have to be ready for the hearing and that the parties are engaged in discovery.  So that time can be used as efficiently as possible, I have decided to use this Memorandum Order to overrule the District's objections.

    First, Rule 402 simply states that relevant evidence is admissible and irrelevant evidence is not.  The exhibits plaintiffs and the United States, plaintiff-intervenor, offers are each offered in support of a proposed finding of fact.  I have reviewed those findings of fact and they certainly appear to be directed to the issues Judge Huvelle must resolve.  Whether the exhibits in fact

---

[1] Hereafter "Obj."

[2] Hereafter "the District."

support the proposed finding of fact made is an open question but if they do they unquestionably have a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable" and are relevant under Federal Rule of Evidence 401. Thus, they are legitimately tendered in support of the proposed findings and are unquestionably relevant. Whether they prove what plaintiffs claim they prove is a different question that goes to weight, not admissibility.

Second, Rules 701-705 are the sections of the Federal Rules of Evidence pertaining to opinion testimony by lay witnesses and experts. The reports may contain opinions that fall within these Rules but the District does not identify what portions of the Reports offend these rules. Surely, the portion of the reports that detail facts found or that make recommendations cannot possibly be subject to these rules and the District cannot reasonably expect either me or Judge Huvelle to go through each report guessing what portion the District finds to be objectionable opinion testimony. Rule 103(a)(1) of the Federal Rules of Evidence requires the District to state the specific ground of its objection and the District's objection to an entire report because the District contends that some unspecified portion of it offends one of the Rules on opinion testimony hardly meets this requirement.

Third, Federal Rule of Evidence 802 indicates that hearsay is not admissible while 805 indicates that hearsay within hearsay is not excluded under the hearsay rule "if each part or the combined statements conforms with an exception to the hearsay rule provided in these rules." Most of the exhibits, however, are reports and their admissibility would be guided by additional principles that the District ignores.

First, insofar as those reports were created by the District or its agents, to include entities

retained by it for a specific purpose, the reports are admissions of a party opponent and not hearsay. Federal Rules of Evidence 801(d)(2)(C) & (D).  Second, even if not admissions, they may be admissible under Federal Rules of Evidence 803 (8)(B) & (C) as (1) matters observed pursuant to duty imposed by law as to which matters there was a duty to report or (2) factual findings resulting from an investigation made pursuant to authority granted by law.  Under the latter exception, the report would be admissible unless the District carried its burden of showing why the report was untrustworthy even if the report contains conclusions or opinions. Federal Rule of Evidence 803(6); <u>Beech Aircraft Corp. v. Rainey</u>, 488 U.S. 153, 170 (1988).

Finally, the District objects particularly to certain reports because they "were prepared for a remedial purpose, to identify problems and improve services and agency procedures." Obj. at 3. Thus, the District argues that they should be privileged, like peer review reports, and not admitted to prove the truth of the statements within them. <u>Id.</u>

But, the statute on which the District relies, D.C. Code § 44-805,[3] does not apply here because this case is based on the court's federal question jurisdiction and a state statute does supply the "rule of decision." Federal Rule of Evidence 501.[4]

Moreover, Rule 501 requires the court, upon a claim of privilege, to "determine how the issue would have been resolved under the 'common law.'" 23 CHARLES ALAN WRIGHT &

---

[3] The reference to the D.C. Code is to the version that appears in Westlaw or Lexis.

[4] Note that the statute contains the following significant exception:

> a court may order a peer review body to provide information in a criminal proceeding in which a health professional is accused of a felony, if the court determines that disclosure is essential to protect the public interest and that the information being sought can be obtained from no other source

D.C. Code § 44-805(a)(3).

KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5425 (1980).  See Swidler & Berlin v. United States, 524 U.S. 399 (1998).  The District does not cite any common law precedents supporting its position.

Moreover, if a privilege obstructing the search for truth is to be recognized then the public good to be advanced by its recognition "should be shown 'with a high degree of clarity and certainty.'" In re Lindsey, 158 F.3d 1263, 1268 (D.C. Cir. 1998) (quoting In re Sealed Case (Secret Service), 148 F.3d 1073, 1076 (D.C. Cir. 1998), cert. denied, 525 U.S. 990 (1998)).

For many years, the Court, with the approbation of the parties and without objection by the District, has received the information within these reports to inform itself as to the District's compliance with the obligations imposed on it by the Court's orders.  The District cannot possibly argue that information made available to the Court for decades without objection should now be privileged and not be used by that Court to determine the facts pertaining to the District's compliance.  If that were to occur, appointing monitors and securing reports pertaining to the District's compliance would have been a monumental waste of time.  No possible good is advanced by the suppression of the reports at issue.

## CONCLUSION

The District's broad brush objections to entire reports, without specifying what sections of the reports are unobjectionable, is of no avail.  The crucial question is whether each proposed finding of fact is based on admissible evidence.  If the District wants to make that case, it will have to do so as specifically as possible by a written submission to me filed in the next five days.

**SO ORDERED.**

|  | _____ |
|---|---|
|  | **JOHN M. FACCIOLA** |
| **Dated:** | **UNITED STATES MAGISTRATE JUDGE** |