UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY EVANS, *et al.*,<br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff-Intervenor,<br><br>    v.<br><br>ADRIAN M. FENTY, *et al.*,<br>    Defendants. | Civil Action No. 76-293 (ESH/JMF) |

**PLAINTIFF INTERVENOR'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO
VACATE ORDERS OF REFERENCE TO THE SPECIAL MASTERS**

The United States of America, Plaintiff-Intervenor, opposes Defendants' Motion to Vacate Orders of Reference to the Special Masters. Under Fed. R. Civ. P. 53 (a) (1), the Court may appoint a Special Master under three circumstances: (1) to perform duties consented to by the parties, (2) to hold trial proceedings and make or recommend findings of fact, or (3) to address pre-trial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Clearly, this Court has the discretion to appoint Special Masters in this case and has done so appropriately. Fed. R. Civ. P. 53 contemplates using Special Masters to assist the Court in supervising post-trial matters such as enforcing complex consent decrees. The commentary to the 2003 Amendments to Fed. R. Civ. P. 53(a)(1) directly states that post-trial Masters may assist the Court in "framing and enforcing complex decrees. . . . Amended Rule 53 authorizes appointment of post-trial masters for these and similar purposes." Fed. R. Civ. P. 53(a)(1), 2003

Amendments regarding Post-Trial Masters.  The commentary to the 2003 Amendments of Fed. R. Civ. P. 53(a)(1) further adds that "[r]eliance on a master is appropriate when a complex decree requires complex policing, particularly when a party has proved resistant or intransigent. This practice has been recognized by the Supreme Court, see *Local 28, Sheet Metal Workers' Internat. Assn. v. EEOC*, 478 U.S. 421, 481-482 (1986)."  Id; see In Re bituminous Coal Operators' Association, Inc., 949 F.2d 1165, 1169 (D.C. Cir.1991) (where the Court stated that the use of a Special Master was appropriate "at the remedy-implementation stage, if and when liability has been determined by the district judge"); see also *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259 (1957) (noting that damages portion of the case "might be referred to a master after the court has determined the over-all liability of defendants").

In their Motion, Defendants state the rationale of the Court for appointing Special Masters, finding that the "history of noncompliance, compounded by the complicated and factually elusive nature of the matters under consideration, [] led the Court to determine that a Special Master is necessary to assist the Court in securing compliance with its orders."  (Def. Br. at 2 citing to this Court's October 11, 1995 Order of Reference [Docket No. 18] ("Order of Reference" at 2)).  Defendants further noted that this Court appointed the Special Masters to "evaluate and ensure defendants' compliance with the Court's Orders and Consent Decrees" and to "recommend remedies for any deficiencies in defendants' compliance with the Orders." (Def. Br. at 2 quoting this Court's Order of Reference at 2).  Finally, in their Motion, Defendants recognize and cite to the complexity of this case.  (Def. Br. at 6).  Thus, the Court's rationale for appointing Special Masters fits squarely under the language and purpose of Fed. R. Civ. P. 53.  The Court has appropriately exercised its authority under Fed. R. Civ. P. 53

(a)(1) to appoint Special Masters to assist it in holding trial proceedings and making or recommending findings of fact, to address pretrial and post-trial matters, and to otherwise assist it in the enforcement of its orders in this case.

The United States agrees with the Court that the Special Masters have been critical in assisting the Parties and the Court in navigating the complex matters presented by the myriad of issues in this case. Such a critical role was confirmed in the recent hearing before the Special Masters that concluded on December 10, 2008. The United States, therefore, defers to the Court in its exercise of discretion to appoint Special Masters in the instant case.

In conclusion, for the reasons stated above, this Court should deny Defendants' Motion to Vacate Orders of Reference to the Special Masters and continue its appointment of the Special Masters.

Respectfully submitted,

FOR THE UNITED STATES:

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SHANETTA Y. CUTLAR
Chief
Special Litigation Section

                                            JUDY C. PRESTON  
                                            Deputy Chief  
                                            Special Litigation Section


Date:   November 6, 2009         */s/ William G. Maddox*  
                                            William G. Maddox, D.C. Bar 421564  
                                            Senior Trial Attorney  
                                            U.S. Department of Justice  
                                            Civil Rights Division  
                                            Special Litigation Section  
                                            950 Pennsylvania Avenue, NW - PHB 5018  
                                            Washington, DC  20530  
                                            (202) 514-6251 (phone)  
                                            (202) 514-0212 (facsimile)  
                                            william.maddox@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOY EVANS, *et al.*,<br>    Plaintiffs,<br><br>and<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>ADRIAN M. FENTY, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 76-293 (ESH/JMF)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Upon consideration of the Defendants' Motion to Vacate the Orders of Reference to the Special Masters, the Memorandum of Points and Authorities in support thereof, and the entire record herein, it is by the Court on this _____ day of _____, 2009,

    **ORDERED**, that the motion is **DENIED**.

 

_____
Hon. Ellen S. Huvelle
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that this Memorandum of Points and Authorities in Opposition to Defendants Motion to Vacate Orders of Reference to the Special Masters and Proposed Order on behalf of United States, Plaintiff Intervenor, was filed electronically on November 6, 2009 using the Court's ECF/CM filing system.

   */s/ William G. Maddox*
William G. Maddox, D.C. Bar 421564
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW - PHB 5018
Washington, DC  20530
(202) 514-6251 (phone)
(202) 514-0212 (facsimile)
william.maddox@usdoj.gov

DATED: November 6, 2009